# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WISCHERMANN PARTNERS, INC., ) <br> WISCHERMANN HOSPITALITY ) <br> EMPLOYER LLC ) <br> ) <br>     Plaintiffs/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> NASHVILLE HOSPITALITY CAPITAL LLC, ) <br> ) <br>     Defendant/Counter-Plaintiff. ) | Civil No. 3:17-cv-00849 <br> Judge Aleta A. Trauger <br> Magistrate Barbara D. Holmes |

## STIPULATED PROTECTIVE ORDER

The parties to this action (collectively the "parties" and individually a "party") anticipate that Confidential Information, as defined below, will be produced, provided or disclosed in the course of this action and have stipulated that a need exists to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) to establish a procedure for the designation and protection of such Confidential Information. The Court has reviewed the terms and conditions of this Stipulated Protective Order and, good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. This Stipulated Protective Order shall apply to all information, documents and things produced, provided or disclosed in the course this action, including without limitation, testimony adduced at depositions and exhibits thereto, answers to interrogatories, documents and things produced, electronically stored information, information obtained from inspection of premises or things, answers to requests for admissions, disclosures, affidavits and declarations and exhibits thereto, and discovery responses (collectively, "Materials").

2. The term "Confidential Information" as used in this Stipulated Protective Order includes all Materials containing non-public, sensitive or confidential information within the meaning of Federal Rule of Civil Procedure 26(c), including without limitation information that the party or third party designating the information in accordance with the terms of this Stipulated Protective Order believes in good faith constitutes, discloses or relates to confidential processes, operations, technical information, sales, financial, financing, strategic planning, other proprietary, secret or sensitive data or information of commercial value, or other Materials that are non-public and/or would be of value to a competitor or potential competitor or a party or its affiliates. The information contained in Confidential Information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose Confidential Information shall also be deemed Confidential Information.

3. The term "Producing Party" shall mean the party or third party producing Confidential Information in this action. The term "Designating Party" shall mean the party or third party designating Materials as "CONFIDENTIAL" under this Stipulated Protective Order. The term "Receiving Party" shall mean any person to whom Confidential Information is disclosed pursuant to this Stipulated Protective Order.

4. The term "outside counsel" shall mean the outside counsel of record for the parties to this action and supporting personnel employed in or by the law firms of record, including any attorneys, paralegals, technology specialists, clerical employees, legal translators, legal secretaries, legal clerks, or litigation support personnel.

**DESIGNATION OF CONFIDENTIAL INFORMATION**

5. Any Producing Party may designate Materials as "CONFIDENTIAL" if the Producing Party believes in good faith that the Materials contain Confidential Information.

6. Any Producing Party who wishes to designate any information, document or thing as Confidential Information may do so at the time of production or disclosure by marking the word "CONFIDENTIAL" prominently on each page of all documents containing the information or, as to things other than documents, by prominently marking the thing, to the extent reasonably possible, with the word "CONFIDENTIAL." All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently marked "CONFIDENTIAL" shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

7. Confidential Information originating with or produced by a third party may be designated as "CONFIDENTIAL" by any party as set forth herein and shall, once designated, be subject to the restrictions on disclosure specified in this Stipulated Protective Order. A party may also designate Confidential Information produced by a third party by identifying in an email to counsel for all parties, by bates number, the documents to be treated as Confidential Information.

8. In the event any Producing Party produces or discloses Materials containing Confidential Information that have not been designated as permitted by this Stipulated Protective Order, or that have not been correctly designated, such disclosure or production shall not be deemed a waiver of a claim for confidential treatment and the Producing Party may re-designate the Materials to the same extent as the Materials may have been designated before production or disclosure by a subsequent notice in writing specifically identifying the re-designated Materials. Upon re-designation, the parties and all persons subject to this Stipulated Protective Order shall treat such Materials in accordance with this Stipulated Protective Order, and shall undertake their

best efforts to correct any disclosure of such information contrary to the re-designation. No showing of error, inadvertence, or excusable neglect shall be required for such re-designation.

9. Any Receiving Party may at any time request that the Designating Party remove the designation under this Stipulated Protective Order of any Materials. Such request shall be served in writing on counsel for the Designating Party, and shall particularly identify the Materials that the Receiving Party contends are not confidential and the reasons supporting its contention. The parties shall use their best efforts to resolve such disputes promptly and informally. If the Designating Party does not agree to remove the designation within ten (10) calendar days of receipt of the request, or within such other time agreed upon by the parties, then the Receiving Party may file a motion to remove such designation. Unless and until the Court acts on such motion, the Materials shall be treated as Confidential Information.

10. Inspection, receipt, or filing under seal by a party of Materials designated hereunder shall not constitute a concession by that party that the Materials constitute or contain Confidential Information. Nor shall the designation of any Materials hereunder be construed as an admission that such Materials are relevant or material to any issues in this action.

11. ALL CONFIDENTIAL INFORMATION DISCLOSED PURSUANT TO THIS STIPULATED PROTECTIVE ORDER SHALL BE USED BY ANY RECIPIENT THEREOF SOLELY FOR THE PURPOSES OF THIS ACTION, AND NOT FOR ANY BUSINESS, COMPETITIVE OR OTHER PURPOSES.

**DISCLOSURE OF CONFIDENTIAL INFORMATION**

12. Only the following individuals may have access to Confidential Information, absent the express written consent of the Designating Party or further Court order:

a. Outside counsel;

b. Any employee of a party who either has responsibility for making decisions dealing directly with this action or who is assisting outside counsel in preparation for proceedings in this action, all of whom shall be advised of the terms of this Stipulated Protective Order prior to the disclosure of the Confidential Information to them;

c. Any independent litigation support providers retained by outside counsel to assist in this action (*e.g.*, outside copy services, outside document hosting services, graphic artists and visual aid providers);

d. The Court, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f. Any outside technical consultant or expert retained by the Receiving Party for the purposes of this action who has executed a Declaration of Compliance (App. A);

g. Any current or former officer, director or employee of a party in the course of or preparing for any deposition, hearing or trial in this action, provided the person(s) have executed a Declaration of Compliance (App. A);

h. Any non-party witness or potential witness (and their counsel) who have a good faith need to review the Material during the course of or preparing for any deposition, provided the person(s) have executed a Declaration of Compliance (App. A);

i. Any person to whom the Producing Party agrees to provide a copy subject however to any confidentiality obligations such Producing Party may otherwise have; and

j. With respect to specific Materials, any individual who is shown on the face of the Materials to have been an author, source, or recipient of the Materials or is otherwise established to be knowledgeable about the contents of the Materials.

13. The list of persons to whom Confidential Information may be disclosed may be expanded or modified by written consent of the Designating Party without necessity of modifying this Stipulated Protective Order.

## DEPOSITION TRANSCRIPTS

14. All deposition testimony and deposition transcripts (including exhibits) shall be presumed to contain Confidential Information from the time of the deposition through twenty (20) calendar days after receipt of the deposition transcript by counsel for the deponent. Within twenty (20) calendar days following receipt of the deposition transcript, counsel for the deponent and outside counsel for any party may designate certain portions of the deposition transcript as Confidential Information by notifying in writing all counsel of record and, for third-party deponents, the deponent or deponent's counsel of said designation(s). Outside counsel for each party and counsel for any third party shall be responsible for marking the designated portions of copies of the transcript in their possession in accordance with the notification and thereafter treating the information as required by this Stipulated Protective Order. Counsel for the Designating Party may not simply designate an entire transcript as "CONFIDENTIAL" but shall make a good faith effort to apply the designation by page and line number. If no confidentiality designation is made within twenty (20) days after receipt of the deposition transcript, the

transcript shall be deemed not to contain Confidential Information, provided, however, that the parties may agree to extend the period of time within which the written designation(s) must be made.

## SEALED FILINGS

15. A Receiving Party shall not file any document with the Court containing information designated by another party or third party as "CONFIDENTIAL" without either obtaining the Designating Party's consent to filing the document on the public record or seeking leave of Court to file the document under seal.

16. No document, material or thing shall be filed under seal in this action except pursuant to the Court's rules and procedures, including Section 5.07 of this Court's Administrative Practices and Procedures for Electronic Case Filing (Administrative Order No. 167), and consistent with this Stipulated Protective Order. Motions for leave of Court to file documents under seal shall be accompanied by an appropriate affidavit or declaration describing why the material is confidential and should remain sealed if the Designating Party is making the filing. If the Receiving Party is making the filing, then it only needs to state in its Motion that it is not the party that designated the document as containing Confidential Information and reference this paragraph.

17. To the extent a Receiving Party files under seal Materials designated as Confidential Information by another party or third party, the Designating Party shall have up to five (5) calendar days after service to file an affidavit or declaration describing why the material is confidential and should remain sealed. Alternatively, the Designating Party may file notice with the Court that the document may be unsealed. If no party argues in favor of a seal within this time frame, the Court shall unseal the document.

18. To the extent a pleading or other paper references an exhibit containing Confidential Information, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any Confidential Information unless the pleading or other paper is also filed under seal.

## NO WAIVER OF PRIVILEGES

19. Inadvertent production of Materials subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, or prejudice to, any claim to such privilege or protection in the Materials or related Materials, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production. Within fourteen (14) calendar days after receiving notice of such inadvertent production, the Receiving Party shall destroy, sequester, or return to the Producing Party the inadvertently produced Materials and all copies thereof. No use shall be made of such Materials other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them, subsequent to the request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the Producing Party in order for such party to avail itself of the provisions of this paragraph.

## DURATION OF ORDER AND OBLIGATIONS ON CONCLUSION OF LITIGATION

20. This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties hereto. This Stipulated Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

21. This Court shall retain jurisdiction of any disputes or issues concerning the terms, interpretation, amendment of, or enforcement of this Stipulated Protective Order or any Declaration of Compliance, and all persons receiving Confidential Information pursuant to this Stipulated Protective Order thereby consent to the jurisdiction of this Court.

22. Upon final termination of this action (including all appeals) any Receiving Party other than the Court and Court personnel, shall, within sixty (60) calendar days of such termination, either return to the Producing Party or securely destroy all originals and copies of Materials in its possession containing Confidential Information. The Receiving Party shall take reasonable steps to ensure that all electronic copies of Confidential Information are securely destroyed or returned, but is not required to search for such information on backup media that are not reasonably accessible to the party. To the extent it is later discovered that Confidential Information from such backup media has been restored in the normal course of business, however, such information shall be destroyed as set forth in this paragraph.

If the Receiving Party chooses to securely destroy documents, the Receiving Party shall deliver a written certification to the Producing Party and the Designating Party attesting that reasonable efforts have been made to ensure that all such Confidential Information and any copies thereof have been securely destroyed in accordance with the terms of this Stipulated Protective Order. A Receiving Party who has disclosed a Producing Party's Confidential Information to other parties or persons as permitted by this Stipulated Protective Order is responsible for using reasonable efforts to ensure that such persons return all Materials containing Confidential Information to the Producing Party, or to obtain from those parties or person(s) a written certification attesting to the secure destruction of such Materials pursuant to this Paragraph.

23. Furthermore, outside counsel of record may retain (in paper or electronic format) any Materials designated as "CONFIDENTIAL," as well as any documents, databases, pleadings, deposition transcripts, work papers, or other work product that contain or refer to such Materials. Any documents designated as "CONFIDENTIAL" retained by outside counsel are to be maintained for archival purposes only and counsel's obligations of confidentiality continue until the documents are permanently destroyed.

### THIRD PARTIES

24. Any third-party from whom discovery is sought may be informed of and may obtain the protection of this Stipulated Protective Order by sending written notice to Counsel for the Parties or by invoking this Stipulated Protective Order on the record during any deposition or similar proceeding and shall have all rights and obligations with respect to the third-party's protected material as held by the parties to this action with respect to their protected material.

### MISCELLANEOUS

25. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel for a party from rendering legal advice to such party with respect to the action and, in the course thereof, relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the party, counsel shall not specifically disclose Confidential Information to persons not entitled to access the Confidential Information under the terms of this Stipulated Protective Order.

26. Nothing herein shall prevent any party or third party from disclosing or using its own Confidential Information in any manner that it considers appropriate.

27. If a party intends to reveal Confidential Information of another party or third party during a trial, court appearance, or hearing which is open to the public, the party intending to

reveal such Confidential Information shall provide reasonable notice and opportunity to the Designating Party to object, unless written consent from the Designating Party is previously obtained.

28. Confidential Information shall be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Any counsel responsible under this Stipulated Protective Order to obtain an executed Declaration of Compliance (App. A) must maintain copies of all executed declarations and make them available to outside counsel for the other party or to counsel for any third-party Designating Party upon request.

29. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any Materials at any court proceeding related to this mater.

30. If the Receiving Party learns that Confidential Information produced to it is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Receiving Party responsible for the disclosure must immediately inform the Designating Party of such disclosure and shall make a good faith effort to retrieve any Materials so disclosed and to prevent disclosure by each unauthorized person who received such information.

31. In the event that Confidential Information disclosed during the course of this action is sought by any person or entity not a party to this action, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall immediately notify in writing outside counsel for the Designating Party if such subpoena or service demands the production of Confidential Information of such Designating Party. It is the Designating Party's burden to intervene if it desires to quash all or portions of the subpoena or request based on confidentiality concerns. Any such person or entity seeking such Confidential

Information by attempting to enforce such subpoena or other legal process shall be apprised of this Stipulated Protective Order by outside counsel for the party upon whom the subpoena or process was served.

32. The restrictions on disclosure of Confidential Information set forth in this Stipulated Protective Order shall not apply to Materials that: (a) at or prior to disclosure thereof in this action, are or were a matter of public knowledge or were independently obtained by the Receiving Party from a third party having the right to disclose the same; (b) after disclosure thereof, become public knowledge other than by act or omission of the Receiving Party or its agents, experts, and attorneys; (c) are disclosed by the Designating Party or the Producing Party to a third party who is not subject to this Stipulated Protective Order and who does not have an obligation to maintain the confidentiality of Materials; or (d) were obtained outside of this action by the Receiving Party from the Producing Party or Designating Party without it having been designated as confidential or without any other attendant obligation of confidentiality.

33. In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order, and, in the event that the aggrieved party does so, the responding party, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense to that claim that the aggrieved party possesses an adequate remedy at law.

34. Nothing in this Stipulated Protective Order shall prevent the parties from agreeing to amend this Stipulated Protective Order, nor shall it prevent any party from moving for an amendment to this Stipulated Protective Order either during or after the conclusion of this action, nor shall it prejudice in any way the rights of a party to apply to the Court for any additional

protection with respect to the confidentiality of documents or information that the party may consider appropriate.

35. Until such time as this Protective Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it has been "So Ordered."

It is so ORDERED.

_____
ALETA A. TRAUGER
U.S. District Judge


CONSENTED TO AND APPROVED FOR ENTRY:


s/*Overton Thompson III*
Overton Thompson III (BPR #11163)
Charles G. Jarboe (BPR # 28195)
BASS, BERRY & SIMS PLC
150 3rd Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200 – Telephone
(615) 742-0429 – Facsimile
othompson@bassberry.com
cjarboe@bassberry.com

John S. Golwen (Bar No. 14324)
Andy Rittenhouse (Bar No. 34783)
100 Peabody Place
Suite 1300
Memphis, TN 38103
(901) 543-5900 – Telephone
(901) 543-5999 – Facsimile
jgolwen@bassberry.com
arittenhouse@bassberry.com

*Attorneys for Defendant/Counter-Plaintiff Nashville Hospitality Capital LLC*

Jennifer S. Harrison (BPR #022831)
HALL BOOTH SMITH, P.C.
40 S. Main St., Suite 2800
Memphis, Tennessee 33103
(901) 620-4990 – Telephone
(901) 620-4982 – Facsimile
jharrison@hallboothsmith.com

*s/ H. Buckley Cole* with permission
Bryant C. Witt (BPR #18295)
H. Buckley Cole (BPR # 11811)
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219
(615) 313-9911 –Telephone
(615) 313-8008 – Facsimile

*Attorneys for Plaintiff/Counter-Defendant Wischermann Partners, Inc.*


*s/ W. Stuart Scott* with permission
Peter F. Klett (BPR#12638)
W. Stuart Scott (BPR#13408)
Joshua L. Burgener (BPR #29077)
DICKINSON WRIGHT, PLLC
424 Church Street, Ste. 1401
Nashville, TN 37219
(615) 244-6538
PKlett@dickinson-wright.com
SScott@dickinson-wright.com

FAEGRE BAKER DANIELS LLP
Jane E. Maschka (pro hac vice)
Peter J. Farrell (pro hac vice)
Josh Peterson (pro hac vice)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
jane.maschka@faegrebd.com
peter.farrell@faegrebd.com
josh.peterson@faegrebd.com

*Attorneys for Plaintiff Wischermann Partners, Inc. and Wischermann Hospitality Employer LLC*

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| WISCHERMANN PARTNERS, INC., WISCHERMANN HOSPITALITY EMPLOYER LLC | ) ) ) ) | |
| Plaintiffs/Counter-Defendant, | ) ) | Civil No. 3:17-cv-00849 Judge Aleta A. Trauger |
| v. | ) ) | Magistrate Barbara D. Holmes |
| NASHVILLE HOSPITALITY CAPITAL LLC, | ) ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

## DECLARATION OF COMPLIANCE
## WITH STIPULATED PROTECTIVE ORDER

I, _____ do declare and state as follows:

1. I live at _____. I am employed as _____ (position) by _____ (name and address of employer).

2. I have read and received a copy of the Stipulated Protective Order in this case. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order, and I consent to the jurisdiction of this district court to enforce the terms of the Order.

3. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
(Signature)

Executed this _____ day of _____, 20\_\_.