UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WISCHERMANN PARTNERS, INC.** and **WISCHERMANN HOSPITALITY EMPLOYER LLC,** <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> **NASHVILLE HOSPITALITY CAPITAL LLC,** <br><br> Defendant/Counter-Plaintiff. | Civil Action No.:3:17-CV-00849 <br><br> District Judge William L. Campbell, Jr. <br> Magistrate Judge Barbara D. Holmes |

**MOTION
FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT ON
BEHALF OF PLAINTIFFS/COUNTER-DEFENDANTS WISCHERMANN
PARTNERS, INC. AND WISCHERMANN HOSPITALITY EMPLOYER LLC**

Come Plaintiffs and Counter-Defendants Wischermann Partners, Inc. and Wischermann Hospitality Employer LLC (together, "**Wischermann**"), by and through counsel, and submit this, their Motion for Leave to File Motion for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Section K of this Court's Initial Case Management Order. (*See* Doc. No. 34.) Wischermann respectfully moves the Court for leave to file a Motion for Partial Summary Judgment (the "**Motion**") on its claim for breach of contract, and on the counterclaim for breach of contract asserted by Defendant and Counter-Plaintiff, Nashville Hospital Capital, LLC ("**NHC**" or "**Defendant**"). Wischermann contends that a Motion for Partial Summary Judgment at this time will benefit the parties and serve judicial economy by resolving a central issue in this case that is purely a matter of law. In further support of the Motion, Wischermann would show to the Court as follows:

1. Wischermann and NHC entered into a Hotel Management Agreement, dated as of November 26, 2014 (the "**Management Agreement**"), for Wischermann to manage the Westin Nashville in Nashville, Tennessee (the "**Hotel**").

2. Section 17.2 of the Management Agreement, which allows NHC (the "**Owner**" for purposes of the Management Agreement) to terminate Wischermann (the "**Manager**" for purposes of the Management Agreement) for cause, provides in relevant part:

> The following, without limitation, are events of material default by Manager, which entitle Owner, in addition to and cumulative of any and all rights and remedies available to Owner under this Agreement, at law or in equity, to terminate this Agreement without payment of the Termination Fee upon notice to Manager, *subject to Manager's right to cure*. The cure period for any default, unless stated otherwise, is thirty (30) days from the receipt of the notice.
>
> [. . . .]
>
> (e) The fraud, gross negligence, willful misconduct, or misappropriation of funds of or by Manager.

2. Section 17.3 of the Management Agreement allows NHC to terminate Wischermann at any time, without cause, upon sixty (60) days' written notice to Wischermann and payment of the Termination Fee, as calculated using a formula set forth in the Management Agreement.

3. The definition of "Termination Fee" provides that "[i]n no event shall the provisions of this Agreement with respect to the payment of a Termination Fee upon termination of this Agreement under certain circumstances be construed as defining or limiting the amount recoverable by Manager from Owner by reason of any default on the part of Owner."

4. On April 27, 2017, NHC sent Wischermann a notice of default (the "**Notice of Default**"), asserting that Wischermann had defaulted under the Management Agreement, and advising Wischermann of NHC's intent to terminate for cause the Management Agreement in

accordance with Section 17.2 of the Management Agreement, *i.e.*, "in the event that [Wischermann] [was] not able to cure all such defaults on or prior to May 29, 2017."

6. Most importantly, NHC accused Wischermann of violating the non-competition provision of the Management Agreement, Section 23.29, by entering into "a consulting agreement with the Pizzuti Group for The Joseph Hotel which is within the Geographic Zone of the non-competition provision of the [Management] Agreement."

7. NHC further stated in the Notice of Default that, "[w]hile this termination is for cause, if somehow it is deemed to be a termination without cause, this letter will be considered notice of termination without cause under Section 17.3 [of the Management Agreement]."

8. On May 19, 2017, ten days prior to the expiration of the cure period NHC advised Wischermann that, regardless of any steps Wischermann might take to cure the alleged defaults, "the Management Agreement will terminate on May 29, 2017, and effective May 30, 2017, your client will no longer be managing the hotel."

9. As a result, it is the position of Wischermann that NHC breached the Management Agreement by refusing to provide Wischermann with its contractually bargained-for opportunity to cure.

10. Section 17.2(e) of the Management Agreement required NHC to provide Wischermann with a full and fair opportunity to cure even "[t]he fraud, gross negligence, willful misconduct, or misappropriation of funds of or by Manager."

11. The undisputed facts demonstrate that the opportunity to cure was not provided as required by the contract and that summary judgment on that issue is appropriate.

12. Contractual interpretation is a pure issue of law appropriate for summary judgment.

13. NHC's breach of the Management Agreement by denying Wischermann an opportunity to cure entitles Wischermann to a judgment as to liability on its complaint and bars the claims in NHC's counterclaim against it. Resolving this issue would serve the interests of judicial economy by expediting the resolution of this dispute. If the Court grants the Motion, all that may remain is a trial as to damages owed to Wischermann. The Motion would be virtually dispositive and resolve all issues of liability. The Motion would not result in piecemeal litigation and instead would simplify the case and make a resolution much simpler and more likely.

14. Therefore, Wischermann respectfully requests that the Court grant this, their Motion for Leave to File Motion for Partial Summary Judgment.

Respectfully submitted,

/s/ Peter F. Klett
DICKINSON WRIGHT, PLLC
Peter F. Klett (Bar No. 12688)
W. Stuart Scott (Bar No. 13408)
Joshua L. Burgener (Bar No. 29077)
424 Church Street, Ste. 800
Nashville, TN 37219
(615) 244-6538
PKlett@dickinson-wright.com
SScott@dickinson-wright.com
JBurgener@dickinson-wright.com

*Attorneys for Plaintiffs*
*Wischermann Partners, Inc. and*
*Wischermann Hospitality Employer LLC*

/s/ H. Buckley Cole
HALL BOOTH SMITH, P.C.
H. BUCKLEY COLE
BRYANT C. WITT
JENNIFER HARRISON
Fifth Third Center
424 Church Street, Ste. 2950
Nashville, TN 37219
bcole@hallboothsmith.com
615-313-9911 – telephone
615-313-8008 - fax
*Attorneys for Plaintiff/Counter-Defendant,
Wischermann Partners, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the ECF filing system to the following on this 18th day of May, 2018:

Overton Thompson III
Chad G. Jarboe
BASS, BERRY & SIMS PLC
150 Third Avenue North
Suite 2800
Nashville, TN 37201
othompson@bassberry.com
cjarboe@bassberry.com

John S. Golwen
Andy Rittenhouse
BASS, BERRY & SIMS PLC
100 Peabody Place
Suite 1300
Memphis, TN 38103
jgolwen@bassberry.com
arittenhouse@bassberry.com

/s/ Peter F. Klett
Peter F. Klett

65721842-1
9368-0020

5

NASHVILLE 75163-1 643994v1