IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WISCHERMANN PARTNERS, INC., )
WISCHERMANN HOSPITALITY )
EMPLOYER LLC )
    Plaintiffs/Counter-Defendants )
     )
v. ) NO. 3:17-0849
     ) Campbell/Holmes
NASHVILLE HOSPITALITY CAPITAL LLC )
    Defendant/Counter-Plaintiff )

# O R D E R

Presently pending is the motion filed by Defendant Nashville Hospitality Capital, LLC for leave to file an amended answer and counterclaims (Docket No. 53). Plaintiffs filed a response in opposition (Docket No. 57). Defendant then filed a motion for leave to file a reply (Docket No. 59). Defendant's motion for leave to file a reply (Docket No. 59) is GRANTED.

For the reasons that follow, Defendant's motion for leave to file an amended complaint and counterclaims (Docket No. 53) is GRANTED. However, the motion is granted on the express condition that no further extensions of discovery will be given as a result of the amended answer and counterclaims. By separate order, the Court is granting the extensions of discovery requested by the parties. Any remaining discovery, including any related to the amended answer and counterclaims, must be completed within the extended deadlines, which there is adequate time to do if the parties focus their attention to this case.

Although the Court would ordinarily direct the Clerk to file the amended pleading, because of the volume of the proposed answer and counterclaims, the Court directs that Defendant file its amended answer and counterclaims (as found at Docket No. 53-1) within three (3) business days

of the date of entry of this Order. Plaintiff shall thereafter have fourteen (14) days from the filing of Defendant's amended answer and counterclaims to respond to Defendant's counterclaims.

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure, which governs the Court's consideration of the pending motion, states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The reason behind such policy is "to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). However, the Supreme Court has indicated that while the moving party "ought to be afforded an opportunity to test [its] claim on the merits," one or more of the following conditions may negate this directive: undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Nevertheless, the determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted).

The crux of Plaintiffs' opposition focuses solely on the purported futility of Defendant's proposed claims against Paul Wischermann individually. The Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). The policy behind the futility argument is to prevent the expenditure of unnecessary effort and resources by both the parties and the court. *See, e.g., Matlock v. Rose*,

731 F.2d 1236, 1240-41 (6th Cir. 1984) ("[T]he concern for judicial economy, under the circumstances of this case, is particularly advanced through the futility doctrine."). However, judicial economy is only served in this case if the undersigned concludes, and the District Judge concurs after review, that Defendant's claims against Wischermann individually cannot possibly succeed on their merits. Even that outcome requires an expenditure of judicial resources by two judges.

Other courts in this circuit have commented on the inelegant nature of the futility argument in such a context:

> There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, *see* 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim .... Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

*Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint); *Research Inst. at Nationwide Children's Hosp. v. Trellis Bioscience, LLC*, No. 2:15-cv-3032, 2017 WL 1487596, at *3 (S.D. Ohio Apr. 26, 2017) (same). Indeed, "it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by

way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4. *See also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same).

From review of the parties' filings, the Court finds that there is at least a substantial argument about the merits of Defendant's proposed claims against Wischermann. Defendant may therefore plead the claims and Plaintiffs may test the legal sufficiency of the claims by an appropriate motion, if they so choose.

**Conclusion**

For the foregoing reasons, Defendant's motion for leave to file an amended complaint and counterclaims (Docket No. 53) is GRANTED. Defendant shall file its amended answer and counterclaims (as found at Docket No. 53-1) within three (3) business days of the date of entry of this Order.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge