**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| WISCHERMANN PARTNERS, INC., et al.,    ) ) ) | |
|     **Plaintiffs/Counter-Defendants,**    ) ) | |
| **v.**    ) ) | **NO. 3:17-cv-00849** |
| **NASHVILLE HOSPITALITY CAPITAL LLC,**    ) ) ) | **JUDGE CAMPBELL** **MAGISTRATE JUDGE HOLMES** |
|     **Defendant/Counter-Plaintiff,**    ) ) | |
| **v.**    ) ) | |
| **PAUL WISCHERMANN,**    ) ) | |
|     **Defendant.**    ) | |

<u>**MEMORADUM OPINION**</u>

Pending before the Court is the Motion for Partial Summary Judgment filed by Plaintiff/Counter-Defendant Wischermann Partners, Inc. ("Wischermann Partners"). (Doc. No. 88). Defendant/Counter-Plaintiff Nashville Hospitality Capital LLC ("NHC") filed a response in Opposition (Doc. No. 99) and Wischermann Partners filed a Reply. (Doc. No. 105). For the reasons discussed below, the Motion for Partial Summary Judgment is **DENIED**.

**I.      FACTUAL BACKGROUND**

NHC owns the Westin Hotel in downtown Nashville. (Doc. No. 102 at 2). In November of 2014, NHC and Wischermann Partners entered in a Management Agreement for Wischermann Partners to manage the Westin Hotel. (Doc. No. 23-1). In the event of a material default by Wischermann Partners, NHC could terminate the Management Agreement without payment of the Termination Fee. (*Id*. at PageID# 230). For such a termination of the Management Agreement,

NHC was obligated to provide notice of the default(s) to Wischermann Partners and Wischermann Partners would have thirty days from receipt of the notice to cure the default(s). (*Id.*).

On April 27, 2017, NHC provided a written Notice of Default to Wischermann Partners. (Doc. No. 102 at 13). Wischermann Partners claims it subsequently cured the alleged defaults of the Management Agreement, but NHC refused to accept the cure. (Doc. No. 23 at ¶¶ 43-44, 54-55). On May 23, 2017, Wischermann Partners filed this action, alleging NHC breached the Management Agreement. (Doc. No. 1 at ¶ 6). On June 23, 2017, Wischermann Partners filed an Amended Complaint alleging breach of contract, tortious interference with business relationships, misrepresentation, and promise without intent to perform. (Doc. No. 23). Wischermann Partners seeks summary judgment on its breach of contract claim. (Doc. No. 88).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).

## III.    ANALYSIS

Wischermann Partners seeks summary judgment on its breach of contract claim based on its assertion that NHC terminated the Management Agreement without providing Wischermann

Partners its contractual right to cure. (Doc. No. 88). To establish a breach of contract under Tennessee law, a plaintiff must show "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breached contract." *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816–17 (Tenn. Ct. App. 2011). While the interpretation of a contract is a question of law, the determination of whether a party has fulfilled its obligations under a contract or is in breach of the contract is a question of fact. *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 220, 225 (Tenn. Ct. App. 2009).

Wischermann Partners does not dispute NHC's Notice of Default provided a thirty day period to cure under Section 17.2 of the Management Agreement. (Doc. No. 102 at 16). Wischermann Partners argues "despite ostensibly recognizing Wischermann [Partners]'s right to cure the[] events of default on paper, NHC was already committed to terminating Wischermann [Partners] and … had no intention of honoring [Wischermann Partners'] contractual right to cure." (Doc. No. 88-1 at 6). Wischermann Partners asserts the statement in the Notice of Default that "[NHC] intend[s] to use the thirty day period to properly and amicably transition management of the hotel" is evidence that NHC fired Wischermann Partners before the expiration of the cure period. (Doc. No. 105 at 2). Wischermann Partners also asserts the statement in NHC's letter dated May 19, 2017 that "…the Management Agreement will terminate on May 29, 2017, and effective May 30, 2017, your client will no longer be managing the hotel" is evidence that NHC did not give Wischermann Partners its full opportunity to cure. (Doc. No. 88-1 at 10-11 and Doc. No. 52 at 3).

In response, NHC provides evidence that it terminated the Management Agreement for cause on May 29, 2017. (Doc. No. 99-1 at ¶ 33). NHC argues this evidence shows NHC provided Wischermann Partners the opportunity to cure because it did not terminate the Management

3

Agreement until 32 days after issuing the Notice of Default. (Doc. No. 99 at 15-16). Additionally, NHC disputes Wischermann Partners' characterization of the May 19, 2017 letter as a refusal to permit an opportunity to cure, arguing the letter did not cut short Wischermann Partners' opportunity to take additional steps to cure before the expiration of the cure period. (*Id.*; Doc. No. 102 at 25). NHC also argues the purported actions of Wischermann Partners designed to cure the default were a "sham" amounting to no meaningful cure.

Viewing the evidence in the light most favorable to NHC, the Court finds genuine issues of material fact exist as to whether NHC breached the Management Agreement by failing to provide Wischermann Partners an opportunity to cure the claimed default(s). Accordingly, Wischermann Partners' Motion for Partial Summary Judgment is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE