IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WISCHERMANN PARTNERS, INC., et al., | )<br>)<br>) |
| Plaintiffs/Counter-Defendants, | )<br>) |
| v. | ) NO. 3:17-cv-00849<br>)<br>) JUDGE CAMPBELL |
| NASHVILLE HOSPITALITY CAPITAL LLC, | ) MAGISTRATE JUDGE HOLMES<br>)<br>) |
| Defendant/Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| PAUL WISCHERMANN, | )<br>) |
| Defendant. | ) |

## **MEMORADUM OPINION**

Pending before the Court is Defendant Paul Wischermann's ("Wischermann") Motion to Dismiss the claims of breach of fiduciary duty (Count IV) and inducement of breach of fiduciary duty (Count V) filed against him by Defendant/Counter-Plaintiff Nashville Hospital Capital, LLC ("NHC") (Doc. No. 70), and NHC's Opposition (Doc. No. 77). For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

NHC owns the Westin Hotel in downtown Nashville ("the Westin"). (Doc. No. 64 at ¶ 1). Wischermann is the sole owner and president of Plaintiff/Counter-Defendant Wischermann Partners, Inc ("Wischermann Partners"). (*Id*. at ¶ 3). In December of 2013, NHC and Wischermann Partners entered into a Consulting Agreement for Wischermann Partners to assist NHC in the development of the Westin. (*Id*. at ¶ 6). In November of 2014, NHC and Wischermann Partners

entered in a Management Agreement for Wischermann Partners to manage the Westin Hotel on NHC's behalf. (*Id*. at ¶ 10). NHC alleges it terminated the Management Agreement with Wischermann Partners in May of 2017 for cause. (*Id*. at ¶¶ 72-80).

On June 23, 2017, Plaintiffs/Counter-Defendants Wischermann Partners, Inc. and Wischermann Hospitality Employer LLC filed an Amended Complaint against NHC, alleging breach of contract, tortious interference with business relationships, misrepresentation, and promise without intent to perform. (Doc. No. 23). On June 5, 2018, NHC filed Amended Counterclaims adding, in pertinent part for purposes of the instant motion, Wischermann as a party and alleging claims against him individually for breach of fiduciary duty, inducement of breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment. (Doc. No. 64).

The Amended Counterclaim alleges Wischermann Partners and Wischermann, unbeknownst to NHC, began providing consulting and development services to a competing developer, the Pizzuti Companies ("Pizzuti"), for a hotel project ("The Joseph") within the one-mile Geographic Zone of the non-compete clause in the Management Agreement while also serving as NHC's consultant, fiduciary, agent, and management company under the Consulting and Management Agreements. (*Id*. at ¶¶ 19-31). Wischermann allegedly knew that Wischermann Partners was providing consulting and development services to Pizzuti for The Joseph and knew The Joseph's location fell within the one-mile Geographic Zone of the non-compete clause at the time NHC and Wischermann Partners were negotiating the Management Agreement. (*Id*. at ¶ 31).

Wischermann Partners and Wischermann allegedly disclosed NHC's confidential information to Pizzuti and other contractors/vendors assisting with The Joseph, including distributing the Westin's architectural drawings to The Joseph's architects and construction consultants, providing site visits and tours of the Westin to Pizzuti's designers and contractors,

and disclosing NHC's proprietary and confidential financial information to assist with setting construction and pre-opening budgets for The Joseph. (*Id*. at ¶¶ 42, 53-54). Wischermann allegedly insisted on having complete control over setting room rates for the Westin and set higher room rates at the Westin to help with the underwriting of The Joseph or to otherwise assist or advance The Joseph's financing and development. (*Id*. at ¶¶ 62-66).

On June 19, 2018, Wischermann moved to dismiss NHC's claims of breach of fiduciary duty (Count IV) and inducement of breach of fiduciary duty (Count V) for failure to state a claim upon which relief can be granted. (Doc. No. 70).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" to establish the plausibility required to "unlock the doors of discovery." *Id*. at 678.

## III. ANALYSIS

Wischermann seeks dismissal of NHC's claims of breach of fiduciary duty (Count IV) and inducement of breach of fiduciary duty (Count V), arguing those claims are not actionable under

3

Tennessee law. NHC argues dismissal is unwarranted because the Amended Counterclaims adequately state claims against Wischermann for tortious conduct that Wischermann, himself, allegedly committed or participated in.

**Count IV: Breach of Fiduciary Duty**

Under Tennessee law, a fiduciary relationship can arise without a contract "when one person reposes special trust and confidence in another person and that other person—the fiduciary—undertakes to assume responsibility for the affairs of the other party." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 454 n.10 (Tenn. 2012) (citing *Overstreet v. TRW Commercial Steering Div.,* 256 S.W.3d 626, 641–42 (Tenn. 2008) (Koch, J., concurring)). Additionally, corporate officers may be held individually liable under Tennessee law for torts committed against third parties if they participated in the commission of the tort. *See Hill v. White*, 190 F.3d 427, 433 (6th Cir. 1999) (citing *Brungard v. Caprice Records, Inc.*, 608 S.W.2d 585, 590 (Tenn. Ct. App. 1980)); *Cooper v. Cordova Sand & Gravel Co.*, 485 S.W.2d 261, 271–72 (Tenn. Ct. App. 1971).

Wischermann argues NHC's breach of fiduciary duty claim against him should be dismissed because he did not owe any fiduciary duties to NHC in his individual capacity. (Doc. No. 70-1 at 5-6). Wischermann asserts any fiduciary duties owed to NHC originate from the Management Agreement to which he was not a party in his individual capacity, and therefore he cannot owe those contractually based fiduciary duties to NHC in his individual capacity. (*Id*.).

In response, NHC asserts its breach of fiduciary duty claims against Wischermann do not arise under the Management Agreement. (Doc. No. 77 at 11-12). NHC argues the Amended Counterclaim alleges Wischermann owed NHC a fiduciary duty and points to the allegations that NHC placed substantial trust and confidence in Wischermann personally with respect to the

development and management of NHC's hotel and that Wischermann undertook to assume responsibility for NHC's affairs – including making key decisions and providing advice on topics such as room pricing, the Westin's overall room strategy, and the design, construction, and operation of the hotel – based on the trust and confidence NHC placed in him. (*Id*. at 12). NHC also points to the allegations that Wischermann breached his fiduciary duties by personally providing confidential and proprietary information to NHC's competition and insisting on charging room rates for the Westin that were against NHC's interests. (*Id*.).

Taking all of the factual allegations in the Amended Counterclaim as true and drawing all reasonable inferences in favor of NHC, the allegations of NHC's Amended Counterclaim state a claim against Wischermann personally for breach of fiduciary duty. Accordingly, Wischermann's motion to dismiss NHC's claim of breach of fiduciary duty (Count IV) is **DENIED**.

**Count V: Inducement of Breach of Fiduciary Duty**

Wischermann argues NHC's inducement of breach of fiduciary duty claim should be dismissed because it would "hold[] Mr. Wischermann responsible as a third party to the [Management Agreement] solely by virtue of his ownership in Wischermann Partners [and] … a party to a contract cannot be held liable for tortious interference with that contract" under Tennessee law. (Doc. No. 70-1 at 7). Wischermann's motion does not address whether inducement of breach of fiduciary duty is recognized as an independent tort under Tennessee law. In response, NHC asserts it has not alleged a claim for tortious interference with contract against Wischermann, (Doc. No. 77 at 10), and argues the Tennessee Court of Appeals recognized the viability of an individual claim for inducement of breach of a fiduciary duty against a corporate officer when the corporate officer is instrumental in the breach and acted in furtherance of his or her own personal

interests in *Judds v. Pritchard*, No. 01A01-9701-CV-00030, 1997 WL 589070 (Tenn. Ct. App. Sept. 24, 1997). (*Id*. at 6).

"When resolving an issue of state law," a federal court must "look to the final decisions of that state's highest court, and if there is no decision directly on point, then [it] must make an *Erie* guess to determine how that court, if presented with the issue, would resolve it."[1] *In re Fair Fin. Co.*, 834 F.3d 651, 671 (6th Cir. 2016) (quoting *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358–59 (6th Cir. 2013)). In making this determination, the federal court "should not disregard the decisions of intermediate appellate state courts unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). This rule applies regardless of whether a state appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir. 2000).

In the *Judds* case, it appears the Tennessee Court of Appeals construed the inducement for breach of fiduciary claim as tortious interference with a contractual relationship that led to a breach of a fiduciary duty. *See Judds*, 1997 WL 589070, at *5-6. This limits the persuasive value *Judds* has on this issue. Additionally, the *Judds* case does not clearly state that inducement of a breach of fiduciary duty is an independent claim under Tennessee law. *Id*.

Neither party cited *Nave v. Life Bank*, 334 B.R. 586 (M.D. Tenn. 2005), in which the Court stated it could not find authority indicating that Tennessee courts are willing to create a new tort targeted at the inducement of a breach of fiduciary duty. *Nave*, 334 B.R. at 595-96 (declining to recognize independent tort for wrongful inducement of breach of fiduciary duty on the basis that such an action had not yet been recognized by Tennessee state courts). Accordingly, by Order

---

[1] "*Erie* guess" refers to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

(Doc. No. 157) entered on February 27, 2019, the Court permitted the parties to file supplemental briefs addressing *Nave v. Life Bank*, 334 B.R. 586 (M.D. Tenn. 2005) and the viability of a claim for inducement of breach of fiduciary duty under Tennessee law.

Wischermann filed a supplemental brief asserting that "*Nave* correctly concluded that a claim for inducement of breach of fiduciary duty has not been recognized" in Tennessee and urging the Court not to "adopt a new claim in Tennessee for inducement of breach of fiduciary duty." (Doc. No. 167).

NHC also filed a supplemental brief, asserting "the Tennessee Supreme Court would very likely recognize a claim for inducement of breach of fiduciary duty" and arguing the Tennessee Court of Appeals implicitly recognized the viability of claims for inducement of breach of fiduciary duty in *Lipman v. First Nat. Bank of Bos.*, No. 01A01-9803-CH-00139, 1999 WL 51875 (Tenn. Ct. App. Feb. 5, 1999) and *FTA Enterprises, Inc. v. Pomeroy Computer Res., Inc.*, No. E200001246COAR3CV, 2001 WL 185210 (Tenn. Ct. App. Feb. 12, 2001). (Doc. No. 168).

In the *Lipman* case, the Tennessee Court of Appeals considered a claim for inducement of breach of fiduciary duty in determining whether the trial court had erred in dismissing the claim on summary judgment for lack of a genuine issue of material fact. *See Lipman*, 1999 WL 51875, at *1-4. The Court of Appeals appeared to recognize inducement of breach of fiduciary duty as a valid legal claim but found there was insufficient proof in the record to support the action and affirmed the judgment of the trial court. *Id*. at *5-6. In *FTA Enterprises, Inc.*, the Tennessee Court of Appeals affirmed an award of damages predicated in part upon the jury's finding of liability for inducement of breach of fiduciary duty. *See* 2001 WL 185210, at *6. Thus, NHC asserts the case law from the Tennessee Court of Appeals confirms that Tennessee law permits plaintiffs to recover for inducement of breach of fiduciary duty.

Additionally, NHC contends the *Nave* case does support dismissal of NHC's claim for inducement of breach of fiduciary duty in the present case because the *Nave* court's "affirmation of the bankruptcy judge's dismissal of the Naves' claim for inducement of breach of fiduciary duty was based in large part on an incorrect concession by the parties that Tennessee had 'not yet recognized inducement of breach of fiduciary duty as a distinct tort.'" (Doc. No. 168 at 3 (quoting *Nave v. Life Bank*, 334 B.R. 586, 595 (M.D. Tenn. 2005)).

This Court finds the *Lipman* and *FTA Enterprises* cases cited by NHC demonstrate that Tennessee state courts have recognized a tort of inducement of breach of a fiduciary duty. Accordingly, this Court finds that the Tennessee Supreme Court, if presented with the issue, would also recognize a claim for inducement of breach of fiduciary duty.

As such, Wischermann's motion to dismiss NHC's claim of inducement of breach of fiduciary duty (Count V) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE