# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WISCHERMANN PARTNERS, INC., et al., | )<br>)<br>) |
| Plaintiffs/Counter-Defendants, | )<br>) |
| v. | ) NO. 3:17-cv-00849<br>)<br>) JUDGE CAMPBELL |
| NASHVILLE HOSPITALITY CAPITAL LLC, | ) MAGISTRATE JUDGE HOLMES<br>) |
| Defendant/Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| PAUL WISCHERMANN, | )<br>) |
| Defendant. | ) |

## MEMORADUM

Pending before the Court is the Motion for Summary Judgment filed by Defendant Paul Wischermann ("Wischermann"). (Doc. No. 120). Plaintiff Nashville Hospitality Capital LLC ("NHC") filed a Response in Opposition (Doc. No. 123) and Wischermann filed a Reply. (Doc. No. 128). For the reasons discussed below, the Motion for Summary Judgment is **DENIED**.

### I. FACTUAL BACKGROUND

NHC owns the Westin Hotel in downtown Nashville ("the Westin"). (Doc. No. 64 ¶ 1). Wischermann is the sole owner and president of Plaintiff/Counter-Defendant Wischermann Partners, Inc. ("Wischermann Partners"). (*Id.* ¶ 3). In November of 2014, NHC and Wischermann Partners entered in a Management Agreement for Wischermann Partners to manage the Westin Hotel on NHC's behalf. (*Id.* ¶ 10). NHC alleges it terminated the Management Agreement with Wischermann Partners in May of 2017 for cause. (*Id.* ¶¶ 72-80).

On June 23, 2017, Plaintiffs/Counter-Defendants Wischermann Partners filed an Amended Complaint against NHC, alleging breach of contract, tortious interference with business relationships, misrepresentation, and promise without intent to perform. (Doc. No. 23). On June 5, 2018, NHC filed Amended Counterclaims adding, in pertinent part for purposes of the instant motion, Wischermann as a party and alleging claims against him individually for breach of fiduciary duty, inducement of breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment. (Doc. No. 64). Wischermann moves for summary judgment on all of NHC's claims against him, arguing NHC is not entitled to recover against him in his individual capacity. (Doc. No. 120).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).

## III. ANALYSIS

### A. The Management Agreement

Wischermann argues he is entitled to summary judgment because the Management Agreement between NHC and Wischermann Partners bars all claims against him individually.

(Doc. No. 120-1 at 7). The parties do not dispute that the Management Agreement is governed by Tennessee law. (*See* Doc. No. 120-2, Article 23.2).

Under Tennessee law, the interpretation of a contract is a question of law. *Guiliano v. CLEO, Inc.*, 995 S.W.2d 88, 95 (Tenn.1999). In resolving a dispute concerning contract interpretation, the Court's task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.,* 78 S.W.3d 885, 889–90 (Tenn. 2002) (citing *Guiliano,* 995 S.W.2d at 95). If a contract is unambiguous, a court must interpret it as written and not in accordance with a party's unexpressed intent. *Pitt v. Tyree Org. Ltd.*, 90 S.W.3d 244, 252 (Tenn. Ct. App. 2002); *see also Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005) ("The parties' intent is presumed to be that specifically expressed in the body of the contract.").

Wischermann argues the Court should dismiss all claims against him individually as barred by the Management Agreement because "Wischermann Partners [] and NHC contracted very specific rights and remedies in their Management Agreement that did not include causes of action against principals, including Paul Wischermann in his individual capacity, and therefore NHC is limited to those rights and remedies." (Doc. No. 120; *see also* Doc. No. 120-1 at 5-7 (citing Articles 16-19 and Article 23.27 of the Management Agreement)). Wischermann contends "[i]mplicit in these very specific rights and remedies is that NHC waived its right to pursue claims against Paul Wischermann…" (Doc. No. 120-1 at 6).

In response, NHC contends summary judgment is not appropriate because "the Management Agreement does not contain any limitation on actions against officers or third parties..." (Doc. No. 123 at 5). NHC argues Articles 16-19 of the Management Agreement "do not in any way waive NHC's right to sue Mr. Wischermann or insulate him from liability for his

intentional misconduct" in part because those provisions "do not address a party's right to bring suit against the other party, let alone against an officer/non-party." (*Id*. at 5-6). Rather, NHC asserts Articles 16-19 "…address events of default, the parties' rights and ability to *terminate* the Management Agreement for acts of default, and the effect of termination." (*Id*. at 5). Further, NHC argues "the parties expressly agreed that the right to terminate following an event of material default was 'in addition to and cumulative of any and all rights and remedies available to Owner under this Agreement, at law or in equity.'" (*Id*. (quoting Article 17.2 and citing Article 16)). NHC also points to Article 23.20, which provides:

> The remedies provided for in this Agreement are not exclusive. Either party is free to pursue such other remedies as may be available at law or in equity, subject to the express limitations herein.

Additionally, NHC argues Article 23.27 also does not waive NHC's right to sue Wischermann because that provision "simply addresses limits on the *types* of damages available in proceedings 'between the parties'" and Wischermann is not a "party" to the Management Agreement. (Doc. No. 123 at 6 (quoting Article 23.27)).

Interpreting the Management Agreement as written, and construing it as a whole, the Court finds NHC did not waive the right to pursue claims against Wischermann individually. Accordingly, Wischermann's motion for summary judgment on this ground is **DENIED**.

### B. Tennessee Code Annotated Section 48-18-403

Wischermann also argues he "is not liable individually for any alleged causes of action that arose against him due to actions he took solely in his capacity as owner and president of [Wischermann Partners]", (Doc. No. 120-1 at 1-2), because "Section 48-14-403 [sic] of the Tennessee Business Corporation Act affords [him] conditional immunity in his capacity as an officer of [Wischermann Partners] who was acting in good faith and in the best interests of

4

[Wischermann Partners]." (Doc. No. 120). Wischermann relies on his own affidavit as evidence that he "acted in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner that [he] believed to be in the best interests of [Wischermann Partners]." (*See* Doc. No. 120-3 ¶ 14; Doc. No. 120-1 at 11).

In response, NHC argues the conditional immunity provided for in Section 48-18-403(d) does not apply to Wischermann because the Tennessee Business Corporation Act only governs Tennessee Corporations and Wischermann Partners is a corporation organized under the laws of Minnesota. (Doc. No. 123 at 7 (citing Tenn. Code Ann. §§ 48-11-104, -201(7), -25-105(c) and *Hicks ex rel. Union Pac. Corp. v. Lewis*, 148 S.W.3d 80, 84-85 (Tenn. Ct. App. 2003)). NHC further argues the conditional immunity provided for in Section 48-18-403(d) does not apply to Wischermann because that Section is only applicable in derivative actions for breach of a fiduciary duty owed to the corporation. (Doc. No. 123 at 8-9 (citing *Sanford v. Waugh & Co., Inc.*, 328 S.W.3d 836, 844 (Tenn. 2010); *Merriman v. Smith*, 599 S.W.2d 548, 555 (Tenn. Ct. App. 1979); *Franklin Capital Assoc., L.P. v. Almost Family, Inc.*, 194 S.W.3d 392, 400-01 (Tenn. Ct. App. 2005), *abrogated on other grounds by Keller v. Estate of McRedmond*, 495 S.W.3d 852 (Tenn. 2016)). Finally, NHC argues even if Section 48-18-403 were applicable to Wischermann, summary judgment would still be inappropriate because the evidence in the record demonstrates genuine issues of material fact exist as to whether Wischermann acted in good faith. (Doc. No. 123 at 9 - 12 (citing Doc. No. 99 at 11-14; Doc. No. 99-1 ¶¶ 13-16, 20-21; Doc. No. 99-2, Exs. 3-5, 7, 26)).

Wischermann filed a reply but failed to address any of the arguments raised by NHC as to the inapplicability of Section 48-18-403 in the present action or the evidence in the record that NHC argues demonstrates genuine issues of material fact. (*See* Doc. No. 128).

The Court finds Wischermann has failed to establish the threshold issue of whether Tennessee Code Annotated Section 48-18-403 is applicable in the present case. Additionally, viewing the evidence in the light most favorable to NHC, the Court finds genuine issues of material fact exist as to whether Wischermann acted in good faith. Accordingly, Wischermann's motion for summary judgment on this ground is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE