# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WISCHERMANN PARTNERS, INC., et al., | )<br>)<br>) |
| Plaintiffs/Counter-Defendants, | )<br>) |
| v. | ) NO. 3:17-cv-00849<br>)<br>) JUDGE CAMPBELL |
| NASHVILLE HOSPITALITY CAPITAL LLC, | ) MAGISTRATE JUDGE HOLMES<br>)<br>) |
| Defendant/Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| PAUL WISCHERMANN, | )<br>) |
| Defendant. | ) |

## ORDER AND MEMORADUM OPINION

Pending before the Court is the Motion to Exclude the Testimony of Nashville Hospitality Capital LLC's Expert Witness, C. G. Pinkowski filed by Plaintiff/Counter-Defendant Wischermann Partners, Inc. ("Wischermann Partners"), Plaintiff Wischermann Hospitality Employer LLC, and Defendant Paul Wischermann (collectively "the Wischermann Parties"). (Doc. No. 136). Defendant/Counter-Plaintiff Nashville Hospitality Capital LLC ("NHC") filed a Response in Opposition (Doc. No. 151) and the Wischermann Parties filed a Reply. (Doc. No. 161). For the reasons discussed below, the Motion is **DENIED**.

## I. STANDARD OF REVIEW

Federal Rule of Evidence 702 governs the admissibility of an expert witness's testimony at trial. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Palatka v. Savage Arms, Inc.*, 535 Fed. Appx. 448, 453 (6th Cir. 2013) (quotation omitted). The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and... whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93. In *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court extended *Daubert* to nonscientific expert testimony, requiring that, "where such testimony's factual basis, data, principles, methods, or their application" are called sufficiently into question, the trial judge must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire*, 526 U.S. at 149.

However, the court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak." *Daniels v. Erie Ins. Grp.*, 291 F. Supp. 3d 835, 840 (M.D. Tenn. 2017) (quoting *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012)). "Indeed, rejection of expert testimony is the exception rather than the rule—the gatekeeping function established by *Daubert* was never intended to serve as a replacement for the adversary system."

*Id.* (internal quotation marks and citation omitted). Rule 702 does not "require anything approaching absolute certainty." *Tamaraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671–72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590). Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline." *Dilts v. United Grp. Servs., LLC*, 500 Fed. Appx. 440, 445 (6th Cir. 2012) (quoting *Daubert*, 509 U.S. at 592).

## II. ANALYSIS

The Wischermann Parties seek to exclude the testimony, expert report, and surrebuttal expert report of NHC's expert witness, Charles Pinkowski ("Pinkowski"). (Doc. No. 136). Pinkowski is the founder of his Memphis based consulting company, Pinkowski & Company, and has "more than forty years of experience in the hospitality industry both in the field of consulting and national chain hotel development." (Doc. No. 151-2 at 3). Pinkowski is expected to testify regarding the financial impact to NHC as a consequence of Paul Wischermann and Wischermann Partners' alleged actions. (Doc. No. 151-2).

### A. Pinkowski's Opinion on Competition

The Wischermann Parties argue Pinkowski's opinion that The Westin and The Joseph will be competitors should be excluded under *Daubert* as unreliable because it is contradicted by Pinkowski's deposition testimony and "is not substantiated by the numbers." (Doc. No. 136-1 at 13-15).[1] In response, NHC argues these criticisms go to the weight of Pinkowski's testimony and

---

[1] The Wischermann Parties also argued: 1) Pinkowski's analysis of the alleged loss in value of the Westin Nashville was essentially a real estate appraisal and should be excluded because Pinkowski is not licensed as an appraiser in Tennessee; and 2) Pinkowski's report should be excluded because it set out damages nearly eight times the amount previously disclosed in NHC's discovery responses. (Doc. No. 136 at 2). The Wischermann Parties concede these arguments are now moot in light of NHC's response stating that it "does not intend to seek recovery of diminution of value at trial." (Doc. No. 161 at 2; Doc. No. 151 at 17).

conclusions, rather than the reliability of Pinkowski's methodology or the admissibility of his testimony. (Doc. No. 151 at 9-11).

**B. Pinkowski's Opinion on The Joseph's Impact on The Westin**

The Wischermann Parties argue Pinkowski's analysis of The Joseph's impact on The Westin is unreliable under *Daubert* because it shows no methodology and ignored the impact of other hotels in the area besides The Joseph. (Doc. No. 136-1 at 15-16). The Wischermann Parties also argue Pinkowski's opinions as to NHC's lost net income from the impact of the opening of The Joseph on the Westin "fail for lack of proof of causation" because Joel Pizzuti testified that he would have developed The Joseph irrespective of the Wischermann Parties' involvement. (Doc. No. 136 at 2; Doc. No. 136-1 at 10-12; Doc. No. 161 at 3).

In response, NHC contends Pinkowski's report contains detailed explanations of his methodology and reasoning for arriving at each of his conclusions and calculations of impact. (Doc. No. 151 at 11-12 (citing Doc. No. 136-2 at 28-34)). NHC argues the Wischermann Parties' challenge to the reliability of Pinkowski's impact analysis for failing to take into consideration other hotels is not a proper basis to exclude testimony under *Daubert*. (Doc. No. 151 at 12 (citing *Estate of Dustin Barnwell v. Roane Cnty.*, 2016 WL 1453959, at *3 (E.D. Tenn. April 12, 2016) (denying *Daubert* motion alleging expert "ignored the facts," because "these concerns can be addressed through cross-examination"); *Spears v. Cooper*, 2008 WL 5552336, at *5 (E.D. Tenn. Nov. 17, 2018) ("[C]redibility attacks, such as the use of incorrect or incomplete data in formulating an opinion, are intended for cross-examination.")). NHC contends that, to the extent the existence of competition from other hotels impacts Pinkowski's opinions, Pinkowski addressed them in his report and deposition. (Doc. No. 151 at 12 (citing Doc. No. 136-2 at 27-28 and Doc. No. 151-3)).

4

Additionally, NHC argues the Wischermann Parties' challenge to Pinkowski's report based on lack of causation is an improper attack on the merits of Pinkowski's conclusions rather than on the reliability of his methodology. (Doc. No. 151 at 18-19).

**C. Pinkowski's Opinion on Lost Revenue**

The Wischermann Parties argue Pinkowski's opinions on lost revenue due to Paul Wischermann and Wischermann Partners' alleged mismanagement are unreliable because they are contradicted by data and deposition testimony. (Doc. No. 136-1 at 16-17). The Wischermann Parties further contend Pinkowski's opinions on lost revenue are unreliable because he failed to provide an analysis of lost revenue due to factors such as the roof top swimming pool leaking and the hotel restaurant, fitness center, and spa not being completed on time. (*Id*. at 18-19). In response, NHC argues these criticisms do not provide an appropriate basis to exclude Pinkowski's testimony under *Daubert* because they do not pertain to the reliability of his methods but rather go to the weight of Pinkowski's testimony and conclusions. (Doc. No. 151 at 13).

**D. Pinkowski's Opinion on the Franchise Fee Reduction**

The Wischermann Parties argue Pinkowski's opinion on the franchise fee reduction is "not only based on an unsound methodology, but no methodology at all, and therefore it is unreliable and ought to be excluded." (Doc. No. 136-1 at 19).[2] In response, NHC argues Pinkowski calculated the franchise impact fee based on his experience, research, and a review of the Westin's actual and projected operating results from 2016 through 2023. (Doc. No. 151 at 15-16). NHC asserts the

---

[2] The Wischermann Parties also argue Pinkowski's testimony and report should be excluded because it tries to establish consequential damages, which the Wischermann Parties assert are barred by the Management Agreement. (Doc. No. 136 at 2). Rather than brief this issue in the present Motion, the Wischermann Parties opted to incorporate by reference the arguments raised in their Motion in Limine to Exclude Evidence or Argument in Support of NHC's Claim for Consequential Damages. (Doc. No. 136-1 at n. 1; Doc. No. 161 at 4). The Court declines the Wischermann Parties' invitation to rule on a question of law raised in a Motion in Limine and "incorporated by reference" into a *Daubert* Motion. Accordingly, the Court will not consider this issue in ruling on the present Motion.

5

Wischermann Parties' arguments for excluding Pinkowski's opinions and testimony on the franchise fee go to the weight rather than the admissibility of his testimony and, as such, do not provide an appropriate basis to exclude Pinkowski's testimony under *Daubert*. (*Id*. at 16).

* * *

The Court finds the Wischermann Parties' arguments that Pinkowski's opinions are unreliable because he failed to review other relevant information and ignored certain facts bear on the factual basis for Pinkowski's opinions, and, therefore, go to the weight, rather than the admissibility, of Pinkowski's testimony. *McClean v. Ontario LTD.*, 224 F.3d 797, 801 (6th Cir. 2000) ("mere weakness in the factual basis of an expert witness's opinion bear[s] on the weight of that evidence rather than its admissibility."); *see also Daubert*, 509 U.S. at 596 (stating that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are still available). Although the Wischermann Parties attack Pinkowski's methodology and conclusions, those arguments do not show that Pinkowski's opinions are "so fundamentally unsupported that it can offer no assistance to the [trier of fact]." *See Hartley v. Dillard's, Inc.*, 310 F. 3d 1054, 1061 (8th Cir. 2002) ("As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility...[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.").

Upon considering the proposed testimony of Pinkowski and reviewing the parties' briefs on this point, the Court concludes that Pinkowski is a reliable witness whose proffered testimony meets the requirements for admissibility of expert proof. The Court finds Pinkowski has displayed sufficient knowledge of the subject matter that his opinion will assist the trier of fact in evaluating

this case. However, given that this case is a bench trial, the Court is mindful it can weigh its probative value and reject any improper inferences.

For the foregoing reasons, the Wischermann Parties' Motion to Exclude the Testimony of NHC's Expert Witness, C. G. Pinkowski, (Doc. No. 136), is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE