IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WISCHERMANN PARTNERS, INC., et al. ) | |
| ) | |
| v. ) | NO. 3:17-0849 |
| ) | Campbell/Holmes |
| NASHVILLE HOSPITALITY CAPITAL LLC ) | |
| ) | |
| v. ) | |
| ) | |
| PAUL WISCHERMANN ) | |

**O R D E R**

In accordance with the Court's procedures for resolution of discovery disputes, the parties have brought to the Court's attention the contested issues described in the Joint Discovery Dispute Statement filed on September 11, 2019. (*See* Docket No. 181).[1] A telephonic discovery conference was held on September 13, 2019. Counsel participating were: Buckley Cole and Carson King for Plaintiffs Wischermann Partners, Inc. and Wischermann Hospitality Employer LLC ("Plaintiffs"); Peter Klett and Stuart Scott for Counter-Defendant Paul Wischermann (collectively with Plaintiffs, the "Wischermann Parties"); and Overton Thompson for Defendant Nashville Hospitality Capital, LLC ("Defendant" or "NHC"). From the parties' joint statement and discussion during the discovery conference, and for the reasons discussed below, the Court ORDERS that Defendant must supplement its prior discovery responses to produce monthly executive summary and business review reports and STR Reports for November 2017 through April 2018, if not already

---

[1] Although no formal motion to compel was filed, given the time exigencies in this case and the narrow issues, the Court finds that an expedited resolution is appropriate and will therefore treat Plaintiffs' request as a motion to compel. Further, the parties were given an opportunity to present any facts and legal authority supporting their respective positions in the joint discovery dispute statement. (*See* Case Management Order #2, Docket No. 49 at 1-2).

provided.[2]  These documents must be produced **by no later than September 23, 2019**.  Plaintiffs may use the supplemental information for impeachment of witnesses or other permitted purposes at trial, but no further discovery will be allowed regardless of the information contained in the supplemental reports.[3]  No other supplemental document production will be required.

## I. Background

This case has a somewhat lengthy and convoluted procedural history.  The Court will detail only what is necessary for understanding its decision in resolution of the pending discovery dispute.  Plaintiffs seek to require Defendant to supplement its discovery responses to: (i) produce monthly executive summary and business review reports and monthly Smith Travel Research ("STR") reports for November 2017 through the present; (ii) provide any amendments to the hotel management agreement between NHC and Castlerock Hospitality Management, LLC concerning the Westin; and (iii) confirm that there are no documents responsive to Plaintiffs' request for communications between NHC and Marriott/Starwood discussing the Joseph Nashville hotel.

---

[2] Although not clear from the parties' joint discovery dispute statement, the Court understands that at least one April 2018 report was produced during expert discovery.  As stated, Defendant must only produce reports not already provided.

[3] The Court notes that this order overlaps with the issues raised in the Wischermann Parties' Objections to Pinkowski Testimony and Motion *In Limine.* (*See* Docket No. 180).  The second request in that motion is that Mr. Pinkowski's testimony about monthly STR reports after October 2017 be barred at trial.  (Docket No. 180 at 2-3).  First, the Court notes that Plaintiffs state they did not receive any reports after October 2017, while statements made during the September 13 discovery conference were that Plaintiffs were provided with the April 2018 STR report referenced in Mr. Pinkowski's report. Nor is the basis for the requested exclusion clearly stated in the Wischermann Parties' motion, although the reference to that issue as "being addressed by Magistrate Judge Holmes" (Docket No. 180 at 3) suggests that the basis is Defendant's purported failure to timely supplement discovery responses, which is a Rule 37(c)(1) exclusion.  For the reasons stated below, the Court concludes that exclusion of Mr. Pinkowski's testimony as to any reports between October 2017 and April 2018 is not required under Rule 37(c)(1).  However, to be clear, the Court expresses no opinion on exclusion of Mr. Pinkowski's testimony for any other reason or whether Mr. Pinkowski may testify about STR or other reports for periods after April 2018.

The relevant facts are undisputed. The period for completion of fact discovery expired on September 18, 2018. (Docket No. 63). The deadline for discovery-related motion was September 25, 2018. (*Id.*). In discovery, Plaintiffs requested, in Request for Production No. 2 ("RFP 2"), that Defendant "[p]roduce all documents concerning the performance of the Hotel in terms of customer satisfaction, financial performances, employee turnover, occupancy rates and room rates." (Docket No. 181-1 at 32). Defendant objected on various grounds but agreed to (and did) produce responsive documents "for the period of October 2016 (the hotel opening) through October 2017." (*Id.*). The produced documents included, among other things, monthly executive summary and business review reports and industry-wide STR reports from October 2016 through October 2017. (*Id.* and Docket No. 181 at 7).

Plaintiffs' Request for Production No. 7 ("RFP 7") sought production of "all contracts between NHC and Castlerock Hospitality Management LLC related to the Hotel." (Docket No. 181-1 at 33). Defendant produced the hotel management agreement, with reservation of its relevancy objection. (*Id.*). In Request for Production No. 13 ("RFP 13"), Plaintiffs requested that Defendant "[p]roduce all documents regarding communications between NHC and the Marriott regarding The Joseph." (*Id.* at 34). Defendant again raised various objections but agreed to produce any responsive documents. (*Id.*).[4]

On October 8, 2018, Defendant provided Plaintiffs with the expert report of Charles Pinkowski. (*See* Docket No. 136-3). In his expert report, Mr. Pinkowski utilized information from executive summary and business reports and STR reports through April 2018. (*Id.* at 41-42).

---

[4] There is no dispute that no responsive documents were produced.

Although not entirely clear, it appears that at least the April 2018 reports were provided as part of Defendant's expert disclosures.

On February 19, 2019, Plaintiffs filed a motion to exclude Mr. Pinkowski's expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (*See* Docket No. 136).[5] Plaintiffs' motion was denied. (*See* Docket No. 178).

On August 14, 2019, Plaintiffs raised, for the first time, that Defendant had not complied with its obligations to supplement discovery responses by providing information for periods that coincide with information relied upon by Defendant's expert. (Docket No. 181-1 at 2-3). Among the supplemental discovery responses requested by Plaintiffs were those for which Plaintiffs now seek the Court's assistance in compelling production.[6] On August 23, 2019, Defendant responded by stating that it had complied with its discovery obligations and considered Plaintiffs' supplementation requests to be an improper attempt to serve new discovery requests long after the discovery period had expired. (*Id*. at 25-26). Defendant further stated that Plaintiffs had not timely raised any issues about the sufficiency of Defendant's discovery responses, including the limited temporal scope. (*Id*.). After attempts to resolve the issues, the parties requested judicial intervention in resolution of the dispute.

## II. Legal Principles and Discussion

It is axiomatic that the Court has broad discretion in determining the proper scope of discovery. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *Naartex*

---

[5] Plaintiffs also filed a motion for partial summary judgment (*see* Docket No. 88), which was denied. (*See* Docket Nos. 158-159). The bench trial originally set for March 19, 2019 was rescheduled for October 1, 2019. (*See* Docket Nos. 157 and 160).

[6] Whatever the reason Plaintiffs decide to forego their other requests, only the requested supplementation of RFPs 2, 7, and 13 are before the Court.

*Consulting Corp. v. Watt*, 722 F. 2d 779, 788 (D.C. Cir. 1983); *Grae v. Corrections Corporation of America*, 2019 WL 1746492, at *1 (M.D. Tenn. April 18, 2019). The dispute in this case implicates two countervailing tenets of acceptable discovery practices: a responding party's duty to supplement its discovery responses and a receiving party's obligation to timely move to compel discovery.

More than 70 years ago, the United States Supreme Court explained the core goals of the discovery rules contained in the Federal Rules of Civil Procedure:

> The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus, civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.

*Hickman v. Taylor,* 329 U.S. 495, 500–01, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (footnotes omitted). To that end, Rule 26(e)(1) imposes a duty of supplementation on a party who has responded to an interrogatory, request for production, or request for admission. Fed. R. Civ. P. 26(e)(1). The supplementation must be made "in a timely manner ... if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A)-(B). The duty to supplement does not cease upon the close of the applicable discovery period. *Everlight Electronics Co., Ltd. v. Nichia Corp.*, 2015 WL 412814, at *1 (E.D. Mich. Jan. 30, 2015) (internal citations omitted). If a party fails to timely supplement its discovery responses, Rule 37(c)(1) mandates that the undisclosed

5

information must be excluded "unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2003) (internal quotation omitted).[7] *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")*; see also Thomas v. McDowell*, 2014 WL 5305501, at *3-7 (S.D. Ohio, Oct. 15, 2014).

Generally, when the party receiving discovery contends that discovery responses are deficient or otherwise improper, including that the responses have not been timely supplemented, the receiving party has an obligation to timely raise the issues. A party that moves to compel discovery after the discovery deadline without a persuasive explanation for the delay risks denial of the motion. *Global Fleet Sales, LLC v. Delunas*, 2016 WL 2342319, at *2 (E.D. Mich. May 4, 2016); *see also Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) ("In general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines.") (citing cases).

Here, Plaintiffs seek to compel Defendant to produce all executive summary and business review reports and STR reports after October 2017 because it appears that Defendant's expert relied upon at least some of the later reports for his expert opinion. Essentially, Plaintiffs argue that the reliance of Defendant's expert upon the later reports materially altered Defendant's prior

---

[7] Although Plaintiffs carefully parse that they are not requesting sanctions, that is not entirely correct. Plaintiffs have filed a separate motion *in limine* requesting that portions of Mr. Pinkowski's expert report be excluded, including based on disposition of this matter. *See* Docket No. 180 at 3. Further, exclusion under Rule 37(c)(1) is mandatory, based on the "very simple" test of failure to timely supplement, unless one of the exceptions are shown. *Id*.; *see also Campos v. MTD Products, Inc*, 2009 WL 2252257, at *9 (M.D. Tenn. Ky. July 24, 2009) (Trauger, J.) (court is required to impose sanctions for violation of supplemental disclosure requirement).

6

objection that any information outside the October 2016 to October 2017 was not discoverable and therefore required supplementation. Defendant contends that this is not a supplementation request, but rather untimely new discovery, because Plaintiffs have been on notice of Defendant's time-period objections since Defendant served its discovery responses in January of 2018 but failed to raise any issue about that objection until now, despite a discovery motion deadline of May 25, 2018.

The Court finds fault with both parties. Certainly, Plaintiffs have had ample opportunity to have brought to the Court's attention any dispute about Defendant's time-period objections. Even assuming that Plaintiffs were willing to accept Defendant's temporal limitation, when Plaintiffs became aware from the report of Defendant's expert provided in October 2018 that the expert had relied on reports outside the restricted time period, Plaintiffs could have raised the issue then, especially since there was an elaborate contest over admissibility of Mr. Pinkowski's expert report. Plaintiffs offer no persuasive explanation for having waited until the eve of trial to address this issue. For that reason alone, the Court could deny Plaintiffs' request.

On the other hand, the reliance of Defendant's expert on reports for periods after October 2017, at best, called into question the sustainability of Defendant's time-period objection. That was enough to require Defendant to supplement its discovery responses, at least as to any reports for time periods relevant to its expert's considerations.[8] Because Defendant did not supplement

---

[8] Again, the Court notes that it appears Plaintiffs were provided with the reports from April of 2018 upon which Mr. Pinkowski relied, but as part of Defendant's expert disclosures and not as supplemental discovery responses. Although another possible outcome is for the Court to require Defendant to produce reports for the entire period from November 2017 through the present, the Court does not find such action warranted under the circumstances presented. There is no indication that Mr. Pinkowski relied on reports after April 2018. Further, requiring that volume of production would, as noted below, reward Plaintiffs' lack of attentiveness to this issue.

7

its discovery responses, the Court could apply Rule 37(c)(1) to exclude those portions of Mr. Pinkowski's expert report that rely upon reports between October 2017 and April 2018.

However, to resolve this issue entirely in favor of one party over the other would reward that party's conduct, an outcome the Court is unwilling to impose. For that reason, the Court finds that a balanced result best comports with the purposes of the discovery rules. Defendant must therefore produce monthly executive and business review reports and monthly STR reports from November 2017 through April 2018 (unless already provided). This will give Plaintiffs year-end information for 2017 and up through the first quarter of 2018, as discussed in Mr. Pinkowski's expert report.

To the extent necessary, the Court finds that Defendant is excused from the mandatory application of Rule 37(c)(1) for purposes of the instant motion. The Sixth Circuit has adopted the Fourth Circuit's five-factor test to assess whether a party's omitted or late disclosure is "substantially justified" or "harmless." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). The factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Id.* at 748 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). Here, Plaintiffs could have raised the issue of Defendant's self-imposed time restrictions much earlier, and therefore cured any surprise, but did not. Factors one and two therefore weigh against application of Rule 37(c)(1). While the Court is less than impressed with Defendant's explanation that it did not supplement its responses because Plaintiffs raised no issue with Defendant's time-period objection, the Court fully appreciates that Plaintiffs' own lack of diligence allowed Defendant a reasonable basis to rely on that explanation. For these

reasons, the Court finds substantial justification for Defendant not having previously produced the reports in question that this order now requires Defendant to produce. Production of the required reports trumps exclusion under Rule 37(c)(1).[9]

While the Court finds a basis to require Defendant to produce this supplemental information based on references in Mr. Pinkowski's expert report, the Court finds no reason to require Defendant to search for and produce any amendments to the contract between NHC and Castlerock Hospitality Management. Other than a general supplementation argument, Plaintiffs offered no basis from which the Court can determine that Defendant had a duty to supplement this request. Further, Plaintiffs' lack of diligence in raising the timing issues further bolsters the Court's determination as to that information. Finally, given the statements of Defendant's counsel that there are no documents responsive to RFP 13, the Court finds that issue is moot.[10] For these reasons, Defendant shall not be required to produce any information other than the monthly executive and business review reports and monthly STR reports between October 2017 and April 2018.

---

[9] However, and again to be clear, the Court's decision extends only to the limited issue before it. This order is not intended to be determinative of any issue about Mr. Pinkowski's testimony relying on reports after April 2018 or any basis for exclusion other than Rule 37(c)(1).

[10] The Court pauses to note that this issue could have been easily resolved by the parties in any number of ways. Defendant could have responded to Plaintiffs' requests for production by delineating which Bates numbered documents corresponded to which requests. Plaintiffs could have run searches of the documents produced by Defendant for terms that would have produced responsive results or could have served a request for admission that there were no documents evidencing communications between NHC and Marriott/Starwood discussing the Joseph Nashville hotel. Most easily, Defendant's counsel could have simply clarified this issue directly with Plaintiffs' counsel, an outcome that the Court understands was hampered by the lack of clarity in Plaintiffs' portion of the joint discovery dispute statement. But a short conversation between counsel before the discovery conference to clarify whether an issue remained about RFP 13 would have been one less matter consuming judicial resources.

### III. Conclusion

Based on the foregoing, Defendant must supplement its prior discovery responses to produce monthly executive summary and business review reports and monthly STR reports for November 2017 through April 2018, if not already provided. These documents must be produced by no later than September 23, 2019. Plaintiffs may use the supplemental information for impeachment of witnesses or other permitted purposes at trial, but no further discovery will be allowed regardless of the information contained in the supplemental reports. Defendant is not, however, required to search for and produce any amendments to the contract between NHC and Castlerock Hospitality Management. Further, based on the statements of Defendant's counsel that there are no documents responsive to RFP 13, that issue is moot and no further action by the Court is necessary.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge